# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ELI MARTINEZ,

      Plaintiff,

vs.                                                                                Civ. No. 19-615 SCY

ANDREW SAUL, Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court on the Social Security Administrative Record (Doc. 16) filed October 1, 2019, in support of Plaintiff Eli Martinez' Complaint (Doc. 1) seeking review of the decision of Defendant Andrew Saul, Commissioner of the Social Security Administration, denying Mr. Martinez' claim for disability insurance benefits under Title II and Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq*. On January 1, 2020, Mr. Martinez filed his Motion to Reverse and/or Remand. Doc. 21. The Commissioner did not file a Brief in Response. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). Having meticulously reviewed the entire record and the applicable law and being fully advised in the premises, the Court finds the Motion is well taken and is **GRANTED.**

## I.     Background and Procedural Record

Claimant Eli Martinez suffers from the following severe impairments: cervical degenerative disc disease; depression; anxiety; chronic headaches; and lumbar degenerative disc

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 10, 12, 13.

disease. Administrative Record ("AR") at 13. He alleges that he became disabled as of May 1, 2012. AR 13. He completed eleventh grade and has past relevant work as a meter reader, construction worker, and pipefitter apprentice. AR 74, 99-100.

On August 7, 2015, Mr. Martinez filed concurrent claims of disability under Title II and Title XVI. AR 146, 147. His applications were initially denied on December 3, 2015, *id.*, and upon reconsideration on February 27, 2017, AR 192, 193. Administrative Law Judge ("ALJ") Ben Ballengee conducted a hearing on March 9, 2018. AR 68. Mr. Martinez appeared in person, represented by counsel. *Id*. The ALJ took testimony from Mr. Martinez and an impartial vocational expert ("VE"), Molly Kelly. AR 68, 411. On November 16, 2018, ALJ Ballengee issued an unfavorable decision. AR 11-20. On May 9, 2019, the Appeals Council denied Mr. Martinez' request for review. AR 1-3. On July 3, 2019, Mr. Martinez timely filed a Complaint seeking judicial review of the Commissioner's final decision. Doc. 1.

Plaintiff filed his Motion on January 1, 2020. Doc. 21. The Commissioner had until February 3, 2020, to file a Response. Doc. 20. On February 11 the Court noted that Defendant had not filed his Response and ordered him to file a status report before close of business on Wednesday, February 19. Doc. 22. Defendant did not comply. Under the Court's Local Rules, the failure to oppose Plaintiff's motion indicates consent to grant it. *See* D.N.M.LR-Civ. 7.1(b). Nonetheless, the Court has reviewed the record and independently determined that remand is warranted.

**II.     Applicable Law**

    A.    <u>Disability Determination Process</u>

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[2] If the claimant is engaged in substantial gainful activity, he is not disabled regardless of his medical condition.

(2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment(s) or combination of impairments that is severe and meets the duration requirement, he is not disabled.

(3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

(4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform his "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [his physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

---

[2] Substantial work activity is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). Work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before. *Id.* Gainful work activity is work activity that you do for pay or profit. 20 C.F.R. §§ 404.1572(b), 416.972(b).

3

> (5) If the claimant does not have the RFC to perform his past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 801 (10th Cir. 1991).

B. <u>Standard of Review</u>

This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118, or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005). Therefore, although an ALJ is not required to discuss every piece of evidence, "the record must demonstrate that the ALJ considered all of the evidence," and "the [ALJ's] reasons for finding a claimant not disabled" must be "articulated with sufficient particularity." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court "should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

### III. Analysis

At step 5, the burden shifts to the Commissioner to prove that the claimant can perform other work existing in significant numbers in the national economy. *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). In support of his Motion, Mr. Martinez argues that the ALJ erred at step 5 of the sequential evaluation process by failing to explain a conflict between the testimony of the VE, which the ALJ relied on to identify jobs that Mr. Martinez can perform given his residual functioning capacity, and the Department of Labor's Dictionary of Occupational Titles (DOT). The Court concurs: under binding Tenth Circuit precedent, a conflict existed and so to

find Mr. Martinez could perform work the DOT indicates he could not perform given his RFC, the ALJ was required to provide an adequate explanation. Because the ALJ did not offer an explanation, the Court must remand for the ALJ to do so.

Based on the testimony of the VE, the ALJ identified three jobs that Mr. Martinez can perform:

| DOT Title | DOT Code | SVP | Exertional Level | No. Jobs Nationally |
| --- | --- | --- | --- | --- |
| Table Worker | 739.687-182 | 2 | Sedentary | 25,000 |
| Bonder, Semiconductor | 726.685-066 | 2 | Sedentary | 45,000 |
| Document Preparer | 249.587-018 | 2 | Sedentary | 16,400 |

AR 19.

The Dictionary of Occupational Titles classifies each job with a code labeled "General Educational Development" ("GED"). This classification "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT, Components of the Definitional Trailer, Appx. C, § III, 1991 WL 688702. "The GED Scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development." *Id.* The "reasoning" scale runs from one to six, with six signaling jobs that call for the most complex reasoning.

"Document Preparer" implicates a reasoning level of three. *See* Dictionary of Occupational Titles, 1991 WL 672349. A reasoning level of three indicates a job that requires the application of "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and requires "[d]eal[ing] with problems involving several concrete variables in or from standardized situations." DOT, Appx. C, § III, 1991 WL 688702. Mr. Martinez argues that a job requiring this reasoning level is inconsistent with the ALJ's RFC in this case, which limits Mr. Martinez "to performing simple, routine tasks" and making "simple, work-related decisions." AR 15.

6

The Tenth Circuit has held that "an ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). After the Tenth Circuit's holding in *Haddock*, the Social Security Administration promulgated Social Security Ruling ("SSR") 00-4p and further clarified the ALJ's affirmative responsibility to ask about such conflicts. SSR 00-4p instructs that

> [w]hen vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict irrespective of how the conflict was identified.

2000 WL 1898704, at *4.

The Tenth Circuit has also addressed the interplay between a claimant's RFC and the reasoning levels of identified jobs. *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). In *Hackett*, the Tenth Circuit agreed with the claimant that there is an apparent conflict between level-three reasoning and simple work restrictions. It held that an ALJ may not conclude that a claimant who is restricted to "simple and routine work tasks" can perform a reasoning-level-three job without addressing this conflict. *Id*. The Tenth Circuit recognized that remand in such circumstances is "unfortunate," and expressed concern that the conflict had not been raised at the administrative hearing. *Id.* "[H]ad this conflict been raised at that time, the ALJ could have responded by explaining or changing his ruling." *Id.* But because the issue was not raised, the conflict was unexplained, and remand was required to give the ALJ an opportunity to explain the conflict. *Id.*

7

The conflict between the ALJ's RFC and the jobs identified in this case is exactly the same conflict the Tenth Circuit addressed in *Hackett*: a limitation to "simple, routine tasks" is inconsistent with reasoning-level-three jobs. AR 15; *Hackett*, 395 F.3d at 1176.[3] Under *Hackett* and SSR 00-4p, therefore, the ALJ was required to evaluate the apparent conflict and, based on his assessment of this conflict, either (1) explain why it was reasonable to conclude that Mr. Martinez would be able to satisfy the specific characteristics of the jobs at issue despite the apparent conflict between the job requirements and his abilities, or (2) reject the VE testimony due to the conflict.

Subtracting the job of document preparer, the number of jobs available to Mr. Martinez identified by the vocational expert are reduced to 70,000. Mr. Martinez argues this is not a significant enough number of jobs to permit the Court to affirm as a matter of law. Doc. 15 at 14-15. The Court agrees. Indeed, the Court has previously determined that 91,000 remaining jobs is not sufficient to affirm on the basis of harmless error. *Olguin v. Berryhill*, No. 18cv482 SCY, 2019 WL 2232206, at *6-7 (D.N.M. May 23, 2019). The Court follows its previous analysis and declines to conclude that 70,000 jobs are significant in the national economy as a matter of law.

The Court will not address Mr. Martinez' remaining claims of error because they may be affected by the ALJ's treatment of this case on remand. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

---

[3] Mr. Martinez argues that the job of "bonder, semiconductor" is reasoning level two and the same error applies. Doc. 21 at 19-20. That is not so clear. In *Hackett*, the Tenth Circuit stated that "level-two reasoning appears more consistent with" an RFC for simple, routine tasks. 395 F.3d at 1176. In any event, as explained below, the Court need not reach this argument.

## IV. Conclusion

For the reasons stated above, Mr. Martinez' Motion to Reverse and/or Remand (Doc. 21) is **GRANTED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**